865 F.2d 1257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joe Louis CALDWELL, Plaintiff-Appellant,
v.
M. Douglas BERRY, Trustee of the Estate of Joe L. Caldwell,
Defendant-Appellee.
 No. 88-2071.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 29, 1988.
Decided: Dec. 13, 1988.
 
 Joe Louis Caldwell, appellant pro se.
 M. Douglas Berry, for appellee.
 Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joe Louis Caldwell appeals the district court's order dismissing his appeal from a decision of the United States Bankruptcy Court for the Middle District of North Carolina, at Greensboro. Caldwell contends that the bankruptcy court failed to properly find that it lacked jurisdiction over his bankruptcy proceedings because, he claims, the creditors did not comply with the "four month rule," 11 U.S.C. Sec. 21(b) (repealed 1978) and because he was an Arizona resident at the time the petition was filed in North Carolina.
 
 
 2
 Upon consideration of the record and the briefs submitted on appeal, we find Caldwell's arguments to be without merit. Caldwell did not raise the "Arizona resident" argument in the bankruptcy or district court; he may not raise this issue for the first time on appeal. The district court, furthermore, correctly concluded that Caldwell's "four month rule" arguments are barred by the doctrine of res judicata. See 1616 Reminc Ltd. Partnership v. Commonwealth Land Title Ins. Co., 778 F.2d 183, 187 (4th Cir.1985) (citation omitted). Accordingly, we affirm the judgment below on the reasoning of the district court. Caldwell v. Berry, CA-88-94 (M.D.N.C. Mar. 16, 1988). Caldwell's "motion of emergency" is denied.